UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | USDC-SDNY DOCUMENT ELECTRONICALLY FILED DOC#: DATE FILED: 10-26-20 |

UNITED STATES OF AMERICA,

v.

REGINALD SANDERS,

                Defendant.

No. 17-cr-456 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On August 3, 2020, the Court noted its receipt of a *pro se* letter from Defendant Reginald Sanders, which the Court construed as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. 56. It further directed him to provide additional information, which he has not yet provided. For the following reasons, the motion is denied without prejudice to a subsequent refiling by Sanders after he pursues administrative relief from the Bureau of Prisons.

**BACKGROUND**

On February 23, 2018, Sanders, who is now 30 years old, pleaded guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). *See* Dkt. 27. Sanders was given a below-guidelines sentence of 103 months' imprisonment. *See* Dkt. 52. Sanders is currently incarcerated at FCI Hazelton and, according to the Government, is scheduled to be released in November 2025. *See* Dkt. 58. In his letter to the Court, Sanders stated that he is "at 'High Risk' to get COVID-19," and is "concerned about [his] health and also contracting the virus while being incarcerated," but did not identify any particular medical conditions that would place him at greater risk. He expressed doubts about the ability of the prison administration to detect a coronavirus outbreak in the facility. Sanders requested that the Court consider granting him "any relief," including home confinement for the duration of his sentence. *See* Dkt. 56.

By order dated August 3, 2020, the Court construed Sanders's letter as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), and directed him to provide further information regarding (1) the particular health issues that place him at greater risk in light of COVID-19; and (2) whether he had previously sought compassionate release from the Bureau of Prisons. *See* Dkt. 56. On September 15, 2020, having received no further information from Sanders, the Court again issued a similar directive, ordering him to submit the requested information by October 9, 2020. *See* Dkt. 57. The Government responded to Sanders's motion on October 19, 2020, opposing it on the grounds that (1) the Court lacks authority to grant the motion because there is no evidence that Sanders has exhausted administrative remedies by requesting release from the BOP; and that (2) Sanders has failed to identify "extraordinary and compelling reasons" that justify a reduction of his prison term. *See* Dkt. 58. Sanders has not responded to either of the Court's requests for further information.

## DISCUSSION

It is well established that "[a] court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Under the compassionate release statute, however, a court may reduce a term of imprisonment where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a), to the extent such factors apply. *See* 18 U.S.C. § 3582(c)(1)(A). A court may grant compassionate release "upon motion of the defendant," but only after the defendant has asked the Bureau of Prisons to make such a motion on his behalf and given the BOP thirty days to respond. *See id.* (providing that the Court may grant a defendant's motion for a modification of a term of imprisonment only "after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.").

To the Court's knowledge, Sanders has not done so. He was directed on August 3, 2020 "to advise the Court whether he has sought compassionate release from the BOP, and if so, when he made that request and whether he has received a response." *See* Dkt. 56. Sanders has not provided any such information. According to the Government, moreover, "FCI Hazelton has no record of Sanders making a compassionate release request." Dkt. 58. Absent any evidence that Sanders pursued that avenue for relief, the Court will not "bypass the administrative process and decide the merits of a claim that Congress clearly intended should start, in the first instance, with the BOP." *United States v. Bonventre*, No. 10 Cr. 228 (LTS), 2020 WL 1862638, at *3 (S.D.N.Y. Apr. 14, 2020).

Courts in this District have split over the question as to whether § 3582(c)(1)(A)'s exhaustion requirement can be waived or excused in light of the extraordinarily difficult circumstances presented by the COVID-19 pandemic.[1] This Court, however, need not reach the

---

[1] Several judges in the Southern District have held that they have the authority to waive or excuse the exhaustion requirement. *See, e.g., United States v. El-Hanafi*, No. 10 Cr. 162 (KMW), 2020 WL 2538384, at *2 (S.D.N.Y. May 19, 2020); *United States v. Scparta*, No. 18 Cr. 578 (AJN), 2020 WL 1910481, at *4–8 (S.D.N.Y. Apr. 20, 2020); *United States v. Russo*, No. 16 Cr. 441 (LJL), 2020 WL 1862294, at *4–7 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, No. 19 Cr. 541 (JSR), 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020); *United States v. Perez*, No. 17 Cr. 513-3 (AT), 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020). Others have found the exhaustion requirement to be mandatory and non-waivable. *See, e.g., United States v. Battle*, No. 05 Cr. 377 (VM), 2020 WL 2306482, at *1 (S.D.N.Y. May 8, 2020); *United States v. Demaria*, No. 17 Cr. 569 (ER), 2020 WL 1888910, at *4 (S.D.N.Y. Apr. 16, 2020); *United States v. Hart*, No. 17 Cr. 248 (VSB), 2020 WL 1989299, at *4 (S.D.N.Y. Apr. 27, 2020); *United States v. Pereyra-Polanco*, No. 19 Cr. 10 (NRB), 2020 WL 1862639, at *1 (S.D.N.Y. Apr. 14, 2020); *United States v. Ogarro*, No. 18 Cr. 373-9 (RJS), 2020 WL 1876300, at *3–5. (S.D.N.Y. Apr. 14, 2020); *United States v. Rabadi*, No. 13 Cr. 353 (KMK), 2020 WL 1862640, at *2–3 (S.D.N.Y. Apr. 14, 2020); *United States v. Fana*, No. 19 Cr. 11 (GHW), 2020 WL 1816193, at

question at this time. Even if the exhaustion requirement of § 3582(c)(1)(A) is waivable, Sanders has not asked the Court to excuse his apparent failure to exhaust, nor has he made any showing that waiver would be appropriate under these circumstances. Sanders has made no showing, for example, that COVID-19 poses an immediate and particularized threat to his health such that administrative exhaustion would be irreparably harmful. *Cf. United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020) (excusing defendant's failure to exhaust administrative remedies where defendant argued that, "because COVID-19 poses immediate danger to his health, proceeding through the BOP's internal administrative process would both be futile and cause him irreparable harm."). Indeed, far more than thirty days have passed since the Court's August 3, 2020 order directing Sanders to inform it whether he had sought compassionate release from the BOP. Accordingly, the Court denies Sanders's motion, declining to address, at this time, whether Sanders has set forth "extraordinary and compelling reasons" that "warrant . . . a reduction" in his sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

Finally, the Court lacks the authority to grant Sanders's request to be placed in "home confinement for [the] duration of [his] sentence." Dkt. 56. "[T]he authority the CARES Act and the Attorney General have given to the BOP to permit prisoners to finish the remainder of their sentence in home confinement" under 18 U.S.C. § 3624(c)(2) is "exclusively within the discretion of the BOP; the Court lacks authority to order" home confinement. *United States v. Ogarro*, No. 18 Cr. 373-9 (RJS), 2020 WL 1876300, at *6. (S.D.N.Y. Apr. 14, 2020); *see also*

---

*5 (S.D.N.Y. Apr. 10, 2020); *United States v. Roberts*, No. 18 Cr. 528 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020); *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 1685812, at *1 (S.D.N.Y. Apr. 7, 2020). And as the Government notes, several Courts of Appeals have similarly held that administrative exhaustion is required. *See United States v. Raia*, 954 F.3d 594, 595–596 (3d Cir. 2020); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020); *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

*United States v. Ayala*, No. 17 Cr. 618 (RA), 2020 WL 4586260, at *1 (S.D.N.Y. Aug. 10, 2020).

## CONCLUSION

For the foregoing reasons, Sanders's motion for compassionate release is denied without prejudice to his refiling at a later date after having completed the administrative process spelled out in 18 U.S.C. § 3582(c)(1)(A)(i). *See Raia*, 954 F.3d at 595 ("[B]efore [defendants] make [requests for compassionate release], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond."). If he seeks to do so, Sanders is again advised to identify particular health issues he faces that place him at a greater risk in light of COVID-19 and to provide any relevant documentation of those issues. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 56, and to mail a copy of this order to Mr. Sanders.

SO ORDERED.

Dated:   October 26, 2020
         New York, New York

Ronnie Abrams
United States District Judge